IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LAPHONSE AKILIO TREMANE YOUNG,
    Petitioner,

vs.                                            Case No.: 5:11cv396/MMP/EMT

PAIGE A. AUGUSTINE, WARDEN,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a petition for writ of habeas corpus and supporting memorandum, filed pursuant to 28 U.S.C. § 2241 (docs. 1, 6). Respondent filed an answer (doc. 12). Petitioner filed a reply (doc. 17).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration of the issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be denied.

I.    BACKGROUND

Petitioner is an inmate of the Federal Bureau of Prisons ("BOP") currently housed at the federal correctional institution in Marianna, Florida (doc. 1 at 1).[1] He does not dispute Respondent's summary of the relevant facts, as supported by the attachments to Respondent's Answer (doc. 12 at 2–4, Attachments 1–7). On March 23, 2001, Petitioner was adjudicated guilty in the United States District Court for the Southern District of Alabama, Case No. 00-00106-01, of one count of

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Possession of Stolen Mail, a violation of 18 U.S.C. § 1708, and one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (doc. 12 at 2, Attach. 4). He was sentenced to concurrent terms of 57 months of imprisonment, followed by concurrent terms of 3 years of supervised release (*id.*).

On March 13, 2003, Petitioner was adjudicated guilty in the Southern District of Alabama, Case No. 02-00075-001, of one count of Fraud and Related Activity with an Access Device, a violation of 18 U.S.C. § 1029(a)(2) (doc. 12 at 2–3, Attach. 5). He was sentenced to a term of 18 months of imprisonment, 6 months of which was to run concurrently with the sentence imposed in Case No. 00-00106-001, and 12 months to run consecutively to the sentence imposed in Case No. 00-00106-001 (*id.*). He was additionally sentenced to a 3-year term of supervised release upon his release from imprisonment; 1 year to run concurrently with his term of supervised release in Case No. 00-00106-001, and 2 years to run consecutively to the supervised release term in Case No. 00-00106-001 (*id.*). The sentencing court also ordered Petitioner to make restitution to the four payees listed in the Judgment in a total amount of $8,211.62, and ordered Petitioner to pay a $100.00 assessment (*id.*). The court ordered payment as follows, "Lump sum payment of $8,311.62 due immediately, balance due in accordance with [paragraph] E below" (*id.*). Paragraph E provided:

> E. Special instructions regarding the payment of criminal monetary penalties: **Any restitution that is not paid immediately is subject to payment through the Bureau of Prisons' Inmate Financial Responsibility Program, then within thirty days of the defendant's release, minimum monthly installments of $100.00 shall be made toward any unpaid balance.**
>
> Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

(*id.*).

Petitioner was eventually released from federal confinement but subsequently violated the conditions of his supervised release in Case Nos. 00-0106-001 and 02-00075-001(doc. 1 at 7; doc. 12 at 3–4, Attachs. 5, 6). He was found guilty of the violation of supervised release ("VOSR") in each case and sentenced on January 9, 2007, to concurrent terms of 24 months of incarceration (*id.*).

Upon his arrival at FCI Marianna, he signed a contract to participate in the Inmate Financial Restitution Program ("IFRP") (doc. 1 at 7).

On February 14, 2008, while Petitioner was incarcerated, he was adjudicated guilty in the Southern District of Alabama, Case No. 07-00158-001, of two new counts, Felon in Possession of a Firearm and Felon in Possession of Ammunition, a violation of 18 U.S.C. § 922(g)(1) (doc. 1 at 7; doc. 12 at 4, Attach. 1). He was sentenced to concurrent terms of 120 months of imprisonment, followed by concurrent 3-year terms of supervised release (*id.*).

On June 24, 2009, also while incarcerated, Petitioner was adjudicated guilty in the Southern District of Alabama, Case No. 09-00029-001, of one count of Bank Fraud, a violation of 18 U.S.C. § 1344, and one count of Aggravated Identity Theft, a violation of 18 U.S.C. § 1029A(a)(1) (doc. 12 at 4, Attach. 2). He was sentenced to concurrent terms of 48 months of imprisonment, of which 24 months would run concurrently with his current term of imprisonment, and 24 months would run consecutively to his current term, followed by a 5-year term of supervised release (*id.*). The sentencing court also ordered Petitioner to make restitution to the three payees listed in the Judgment in a total amount of $29,127.68, and ordered Petitioner to pay a $200.00 assessment (*id.*). The court ordered payment as follows, "Lump sum payment of $29,327.68 due immediately, balance due in accordance with [paragraph] F below" (*id.*). Paragraph F provided:

> F. Special instructions regarding the payment of criminal monetary penalties: **Any amount of restitution that is not paid in full immediately, shall be subject to payment through the Bureau of Prisons' Inmate Financial Responsibility Program during the defendant's incarceration. Upon release, the defendant shall make minimum monthly payments of $100.00 to begin within 30 days of the defendant's release from custody.**
>
> Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

(*id.*).

## II. PETITIONER'S CLAIMS

Petitioner raises four issues in his § 2241 petition (doc. 1 at 3–8; doc. 6 at 2–3, 4–8). First, he contends his sentence in Case No. 02-00075-001 expired when he completed his VOSR sentence on August 31, 2008; therefore, his liability to pay the restitution ordered in that case also expired (doc. 1 at 3, 7; doc. 6 at 2–3). Petitioner concedes in his supporting memorandum that "the debt from the 2003 judgment still exists," but contends the BOP's ability to enforce it expired (doc. 6 at 6). Second, he contends the court in Case No. 02-00075-001 failed to establish a restitution payment amount and schedule, and since that sentence has now been completed, the BOP lacks authority to establish a payment amount and schedule (doc. 1 at 4, 7; doc. 6 at 3, 6). Third, he contends the court in Case No. 02-00075-001 improperly delegated the payment amount and schedule to the BOP by requiring Petitioner to participate in the IFRP, rendering his participation in the IFRP involuntary (doc. 1 at 4–5, 7; doc. 6 at 7). Fourth, he contends the Mandatory Victims Restitution Act ("MVRA") and the IFRP are unconstitutional, because they sanction inmates who refuse to participate in the IFRP (doc. 1 at 5, 7–8; doc. 6 at 4–8). In Petitioner's prayer for relief, he states his petition "does challenge the validity of the expired judgment" (doc. 1 at 6). He seeks an order enjoining the BOP from collecting restitution payments in Case No. 02-00075-001, requiring the BOP to remove him from "IFRP-Refusal" status and place him on "IFRP Exempt" status, and requiring the BOP to reimburse any funds they collected (*id.* at 6, 8).

Respondent contends the court lacks jurisdiction under § 2241 to review Petitioner's challenge to the validity of the restitution order, pursuant to <u>Arnaiz v. Warden, Federal Satellite Low</u>, 594 F.3d 1326, 1330 (11th Cir. 2010) (doc. 12 at 4–6). Respondent additionally contends to the extent the court has jurisdiction to consider the petition, it should be denied, because the BOP is properly collecting Petitioner's restitution payments through the IFRP (*id.* at 6–9). Respondent contends Petitioner's constitutional challenge to the MVRA is also without merit (*id.* at 9–10).

In Petitioner's reply, he denies he is challenging the validity of the restitution order and agrees that such a challenge would be foreclosed in a § 2241 action (doc. 17 at 4). He states, "Instead, petitioner contests the administration of a concededly [sic] valid order" (*id.*). Petitioner also appears to have abandoned his argument that the court in Case No. 02-00075-001 improperly delegated the restitution payment amount and schedule to the BOP. He clarifies his claims as the following: (1) the

BOP does not have authority to enforce an expired judgment; (2) the BOP cannot establish the amount and schedule for restitution payments; (3) the BOP's IFRP is not a voluntary program; and (4) the MVRA is unconstitutional (doc. 17 at 1).

A prisoner currently in custody may not challenge the restitution part of a sentence by seeking relief under § 2241. *See* Arnaiz, 594 F.3d at 1330; *see also, e.g.,* Austin v. United States, 368 F. App'x 53, 54 (11th Cir. 2010) (unpublished) (petitioner's claim that district court improperly delegated authority to BOP to set restitution payment schedule may not be brought in § 2241 petition); Williams v. Pearson, 197 F. App'x 872, 877 (11th Cir. 2006) (unpublished) (same).

 In light of Petitioner's clarification that he is <u>not</u> challenging the validity of the restitution portion of the judgment and sentence in Case No. 02-00075-001, and is instead challenging only the manner in which the BOP is executing the judgment, the undersigned concludes his challenge is properly brought under § 2241. *See, e.g.*, United States v. Kinsey, 393 F. App'x 663, 663–64 (11th Cir. 2010) (unpublished) (federal inmate's challenge to the BOP's administration of the restitution portion of the criminal judgment was properly brought under § 2241); Williams, 197 F. App'x at 876–79 (petitioner's due process challenge to IFRP and his claim that the BOP was not executing his sentence in conformity with the district court's order were challenges to the BOP's regulations themselves and the manner in which his sentence was being executed; therefore, § 2241 was proper vehicle for bringing suit).

Pursuant to the MVRA, the district court must order restitution to victims in the full amount of their losses. *See* 18 U.S.C. §§ 3663A(a)(1), 3664(f)(1)(A). Once restitution is ordered, the district court must specify the manner and schedule according to which restitution will be paid. *See* 18 U.S.C. § 3664(f)(1)(B)(2). A district court may order that restitution be paid in a single, lump sum payment, partial payments at specified intervals, or a combination of payments at specified intervals. *See* 18 U.S.C. § 3664(f)(1)(B)(3). When a restitution order permits other than immediate payment, the district court must set the payment schedule. *See* 18 U.S.C. § 3572(d). "The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." 18 U.S.C. § 3613(b).

The IFRP was created to encourage "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. BOP regulations provide that, when an inmate has a

financial obligation, including the special assessment and restitution imposed at sentencing, BOP staff "shall help that inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. Participating in the program is voluntary; but loss of certain privileges will result if an inmate chooses not to participate in it. *See* 28 C.F.R. § 545.11(d).

Petitioner is not entitled to relief on his non-constitutional challenges to the BOP's execution of the restitution portion of his sentence. When a prisoner makes a non-constitutional challenge to the execution of a sentence under § 2241, he is required to make a strong showing that the manner in which his sentence is being executed is resulting in a miscarriage of justice. *See* Williams, 197 F. App'x at 877. The court's sentence in Case No. 02-00075-001 directed that Petitioner immediately pay a lump sum of $8,311.62, and that any balance due was subject to payment through the IFRP during Petitioner's imprisonment, and within thirty (30) days of his release, any balance due was subject to minimum monthly installments of $100.00. To that end, Petitioner states he signed a contract with the BOP to participate in the IFRP. Petitioner's liability to pay the monetary penalties does not expire until March 13, 2023, pursuant to 18 U.S.C. § 3613(b). The revocation of his supervised release did not affect his obligation to pay his restitution obligation, and because he is incarcerated, he may continue to pay his restitution obligation through the IFRP. *See* United States v. Webb, 30 F.3d 687, 690–91 (6th Cir. 1994). The BOP's actions in deducting sums of money to be applied to Petitioner's financial obligation simply does not result in any miscarriage of justice. Therefore, Petitioner is not entitled to habeas relief on his non-constitutional challenges to the BOP's execution of the restitution part of his sentence in Case No. 02-00075-001.

Petitioner's constitutional challenges to the MVRA and the IFRP are also without merit. While the Eleventh Circuit has not yet done so in a published opinion, every circuit court that has addressed the constitutionality of the IFRP has approved of it and found it constitutional. *See* United States v. Lemoine, 546 F.3d 1042, 1050 (9th Cir. 2008) (imposition of consequences for declining to participate in IFRP does not violate prisoners' due process rights); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998) (same); Dorman v. Thornburgh, 955 F.2d 57, 58–59 (D.C. Cir. 1992) (same); Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir. 1990) (same); James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989) (same). The Eleventh Circuit has rejected due process challenges to the IFRP in unpublished opinions. *See* West v. Zenk, 276 F. App'x 929, 930 n.3 (11th Cir. 2008)

(unpublished) (IFRP is reasonably related to legitimate penological interests and is thus constitutional); Williams, 197 F. App'x at 876–77 (rejecting claim that IFRP violates an inmate's due process rights).[2]

The undersigned concludes the consequences for declining to participate in the IFRP do not constitute such an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" that they invoke Petitioner's liberty interest. *See* Sandin v. Conner, 515 U.S. 472, 484–85, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) (holding that even a "concededly punitive" transfer to less desirable housing conditions did not exceed prison officials' authority because it did "not present a dramatic departure from the basic conditions of [the inmate's] indeterminate sentence"); *see also* Lemoine, 546 F.3d at 1050. Further, the IFRP is reasonably related to a legitimate government objective of rehabilitation. *See* Turner v. Safley, 482 U.S. 78, 107 S. Ct. 2254, 2261, 96 L. Ed. 2d 64 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."); *see also* Johnpoll, 898 F.2d at 851. Petitioner has not shown that the MVRA or the IFRP is unconstitutional. Therefore, he is not entitled to relief on his constitutional challenges to the MVRA and the IFRP.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

1. That the habeas petition (doc. 1) be **DENIED**.
2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 12th day of December 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The undersigned cites West and Williams only as persuasive authority and recognizes that the opinions are not considered binding precedent. *See* 11th Cir. R. 36-2.

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**